UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINDA WALL** | * | |
|     **Plaintiff** | * | **CASE NO. 20-2456** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **DOLGENCORP, LLC** | * | **MAGISTRATE** |
|     **Defendant** | * | |
| | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
        of the United States District Court
        for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC**, (incorrectly styled as "Dolgencorp, LLC"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On the 20th day of March, 2020, the attached Petition was filed in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, entitled *Linda Wall v. Dolgencorp, LLC*, bearing case number 188452 Division "C".[1]

2.

Plaintiff's Petition for Damages alleges personal injuries sustained as a result of an incident on March 19, 2019, at the Dollar General store located at 6439 Grand Caillou Road, Houma, LA

---

[1] *See* Exhibit "A" (Plaintiff's Petition for Damages).

Plaintiff alleges she tripped and fell while walking in the parking lot.[2] In her complaint, Plaintiff stated "the matter in controversy exceeds the amount specified in Code of Civil Procedure Article 1732 (1) pertinent to jury trials."[3] Plaintiff was asked in discovery, if her damages would exceed $75,000, exclusive of interest and costs. Plaintiff responded, "the value of the claim is to be determined by the trier of fact."[4] Further, defendant was provided with limited medical records showing plaintiff has already amassed a physical therapy bill in the amount of $9654.00 and has continued treatment. Following the subject incident, plaintiff underwent a lumbar MRI which revealed new severe stenosis at L2/3.[5] The medical records also show that Plaintiff has undergone at least one SI injection, is considering additional injections, and that she is actively treating for injuries she alleges she sustained in the subject incident.[6] Based on this information, plaintiff's alleged damages will exceed the diversity jurisdictional requirement of $75,000.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.[7] The removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[8] The defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2)

---

[2] See Exhibit "A", paragraph 3.
[3] See Exhibit "A", paragraph 9.
[4] See Exhibit "B" (Plaintiff's Answers to Interrogatories and medical records provided by Plaintiff in discovery, at Interrogatory #30)
[5] See Exhibit "B", at B6-B7.
[6] See Exhibit "B", at B3-B5, B8-B21; See also Exhibit "A", paragraph 7.
[7] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).
[8] *Id.*

Plaintiff alleges she tripped and fell while walking in the parking lot.[2] In her complaint, Plaintiff stated "the matter in controversy exceeds the amount specified in Code of Civil Procedure Article 1732 (1) pertinent to jury trials."[3] Plaintiff was asked in discovery, if her damages would exceed $75,000, exclusive of interest and costs. Plaintiff responded, "the value of the claim is to be determined by the trier of fact."[4] Further, defendant was provided with limited medical records showing plaintiff has already amassed a physical therapy bill in the amount of $9654.00 and has continued treatment. Following the subject incident, plaintiff underwent a lumbar MRI which revealed new severe stenosis at L2/3.[5] The medical records also show that Plaintiff has undergone at least one SI injection, is considering additional injections, and that she is actively treating for injuries she alleges she sustained in the subject incident.[6] Based on this information, plaintiff's alleged damages will exceed the diversity jurisdictional requirement of $75,000.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.[7] The removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[8] The defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2)

---

[2] See Exhibit "A", paragraph 3.
[3] See Exhibit "A", paragraph 9.
[4] See Exhibit "B" (Plaintiff's Answers to Interrogatories and medical records provided by Plaintiff in discovery, at Interrogatory #30)
[5] See Exhibit "B", at B6-B7.
[6] See Exhibit "B", at B3-B5, B8-B21; See also Exhibit "A", paragraph 7.
[7] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).
[8] *Id.*

"by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[9]

In this case, because it was not facially apparent from plaintiff's Petition for Damages that the amount in controversy exceeds $75,000, defendant submits that plaintiff's discovery responses reveal that the amount in controversy exceeds $75,000, exclusive of interest and costs.[10]

3.

Pursuant to 28 U.S.C.A. 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable."

Here, removal is timely because it was filed within 30 days after receipt of "other paper from which it may first be ascertained that the case is one which . . . has become removable." Specifically, Dollar General first ascertained that this case had become removable on August 10, 2020, when undersigned counsel received Plaintiff's Answers to Interrogatories conveying for the first time allegations that as a result of the March 2019 incident, Plaintiff's damages, if proven, would likely exceed $75,000.

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

---

[9] *Id.*
[10] *See* Exhibit "B" (Plaintiff's answers to Interrogatories and attached medical records.)

    1.    Plaintiff, Linda Wall, is a person of full age of majority and a resident of the State of Louisiana;[11]

    2.    DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee;

3.

B.    The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

    1. As is proper under Louisiana law, the Petition does not specify an amount of damages sought. However, in her Answers to Interrogatories, plaintiff alleges she consulted with her physician, Dr., McAllister, who informed her the lumbar pain would "never" heal.[12]

    2. Further plaintiff stated in her petition that damages would exceed the amount for a jury trial. [13]

5.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

6.

---

[11] *See* Exhibit "A" (Plaintiff's Petition for Damages).
[12] See Exhibit "B", at B1.
[13] *See* Exhibit "A"

The 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

Defendant prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the 32nd Judicial District Court for the parish of Terrebonne, State of Louisiana, be removed therefrom to this Honorable Court. Defendant additionally prays for a jury trial on all issues.

Respectfully submitted,

_/s/ Shannon O. Harrison_
TREVOR C. DAVIES (32846)
SHANNON O. HARRISON (26163)
MAX C. HADLEY (38764)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: 504-324-6493
Facsimile: 504-324-6626
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 9th day of September, 2020.

_/s/ Shannon O. Harrison_